Onofre Menéndez-Torres, Appellant, v. Registrar of Property of Guayama, Respondent.

No. 610. Submitted March 2, 1925.—Decided July 30, 1925.

1. Record of Title—Curable Defects.—An instrument having been recorded with certain curable defects and the correction of them having been subsequently denied, the registrar is bound by the scope and extent of his original decision and can not require in a new decision any more than was required in recording the original instrument.

2. Id.—Marshal's Deed—Jurisdiction.—For the purpose of recording or refusing to record a deed executed by the marshal of a municipal court the question of whether the court had or had not jurisdiction to render judgment must be determined by the registrar from the facts certified or established, regardless of any opinion entertained or conclusion reached by the clerk of the court, without disclosure of the evidence on which such opinion or conclusion is based.

Registry of Property of Guayama, Pérez Mercado, R. Decision refusing to correct curable defects. *Affirmed.*

*C. Domínguez Rubio* for the appellant. The registrar appeared by brief.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

A registrar of property recorded a deed executed by the marshal of a municipal court transferring property attached after entry of judgment in such court and sold under execution,

"setting forth the curable defect that the deed failed to recite that the defendants Rosa Colón Pacheco and Benigno and Enrique Domínguez were cited and summoned in the action or the manner in which said citation was made to the ends of Sections 89, 92, 93, 94, 95 and 96 of the Code of Civil Procedure, wherefore there was nothing to show whether said defendants submitted to the jurisdiction of the Municipal Court of Cayey under the provisions of sections 75 and 76 of said Code."

This ruling was affirmed in *Vázquez* v. *Registrar,* 19 P.R.R. 1074.

Onofre Menéndez Torres, present owner of the property, has now attempted to cure the defects in question by presenting a certificate issued by the clerk of the municipal court in which (referring to the record of the suit that culminated in the execution sale above mentioned) he says:

"(*a*) That according thereto, said defendants, to wit, Rosa Colón and her children Benigno and Enrique Domínguez were cited, notified and summoned in the action.

"(*b*) Defendant Rosa Colón was personally served in Cayey with a summons issued and on which return was shown to have been made, and the other two defendants by edicts published in *El Boletín Mercantil,* a newspaper, in accordance with the indication of the party plaintiff based upon an affidavit to the effect that they were absent from the Island and that their whereabouts were unknown at the time the complaint was filed."

The registrar's endorsement, in so far as pertinent to any question raised herein, reads thus:

"The petition seeking to cure the defects is denied because the accompanying certificate does not satisfactorily show that the Municipal Court of Cayey acquired jurisdiction of defendants Rosa Colón, Benigno and Enrique Domínguez, inasmuch as the same

fails to show the date on which the first-named was served or the dates on which the edicts notifying the other two were published, the judgment of the court not having been submitted for the purpose of determining whether said jurisdiction was acquired by lapse of time or by submission of the said defendants; and further, as concerns the last two defendants, because it is not shown in any way nor does it appear from the registry that an attachment of their property was made prior to the citation by publication for the purposes of converting the personal action of debt that was brought in this case into an action *in rem,* since from the registry itself, in the entry of record preceding that in which the defect sought to be cured is set forth, it appears that said defendants were living in New York, whereas the said certificate recites that the notice by publication was based upon a sworn statement that the said parties were absent from the Island and their whereabouts unknown, or else show by the judgment rendered or some other document of record that said defendants submitted in some other way to the jurisdiction of the court.''

That the certificate is quite as vulnerable in form as it is barren of the details designated by the registrar, is self-evident, but we shall confine our discussion to the matters mentioned in the endorsement, save in so far as may be necessary to a disposition of the questions raised by appellant.

[1] We quite agree with appellant that the registrar is bound by the scope and extent of the original endorsement and can require no more now in the way of a showing than was demanded at the time of recording the marshal's deed.

[2] But we can not adopt the strict construction placed upon that endorsement by appellant nor concur in the view that the fact of summons or citation is established, and the manner or form in which the same was accomplished is disclosed, by the bald statement of a conclusion reached by the clerk, based upon his examination or recollection of the record, to the effect that defendants were summoned or cited, one by personal service according to a so-called return and others by publication.

The only possible purpose of any showing at all in this regard was to satisfy the registrar that the municipal court had jurisdiction over the persons of the defendants and anything short of an adequate basis upon which to base such a conclusion does not amount to proof of summons or citation and of the manner or form in which such process was served.

That this court so understood the general tenor and effect of the earlier endorsement would seem to be reasonably clear from the opinion rendered upon the occasion of the former appeal. Although the exact question now before us was not then specifically raised, nor directly discussed, it is nevertheless quite plain that this court regarded the ruling made by the registrar as covering in a general way the failure to show that the municipal court had acquired jurisdiction over the persons of defendants.

If the view thus taken of the matter, heretofore and now, be correct, then the objection that the certificate did not show the levy of an attachment prior to the citation by publication was no more precluded than was the question of a valid personal service of a summons, had the registrar elected to insist upon this point, or the absence of any other essential element of a legal service. Much less was the registrar in the instant case bound by the omission of the registrar in either of the *Carbonell Cases,* 16 P.R.R. 419, and 17 P.R.R. 137, or in any other previous controversy, to raise the same question.

Manifestly, if the service, whether personal or constructive, was not made before the rendering of judgment, then the court was without jurisdiction. And whether a municipal court had or did not have jurisdiction to render judgment is, for the purpose of admitting to record or of refusing to record a marshal's deed, a matter to be determined by the registrar from the facts duly certified or otherwise established, regardless of any opinion entertained or conclusion reached by the secretary of such court, without dis-

closure of the evidence upon which such opinion or conclusion is based.

The ruling appealed from must be affirmed.